WARE v. LITTLE.

Tax sale: CONCLUSIVENESS OF DEED AS TO MANNER OF SALE. A tax deed is conclusive as to the *manner* in which the sale was conducted; and if the deed shows that the sale was made in a manner which under some circumstances would have been proper, those circumstances will conclusively be presumed to have existed.

*Appeal from Powesheik District Court.*

FRIDAY, OCTOBER 25.

ACTION of right for the possession of the S. E. ¼ of Sec. 9, Tp. No. 79 N., R. No. 14 W.

The defendant claims title under a treasurer's deed. The cause was tried by the court. At the trial the plaintiff introduced in evidence a patent from the United States to one William Tilden, for the land in dispute, and a deed from Tilden to plaintiff therefor, and rested.

Defendant thereupon introduced the record of a tax deed from the treasurer of Powesheik county to Reuben Mickel, for the land in controversy, dated February 10, 1869. This deed recites a sale, on the 2d day of October, 1860, of the land in controversy in two tracts of eighty acres each. Defendant also introduced the register of tax sales for the year 1860, showing a sale of the lands in controversy, in tracts of eighty acres, as stated in the deed. Defendant further introduced the tax lists for the years 1857, 1858 and 1859.

These lists show that for the years 1857 and 1858 the land in question was extended upon the tax list in tracts of forty acres; and for the year 1859, in tracts of eighty acres.

Plaintiff, as rebutting evidence, introduced a deed of the treasurer of Powesheik county, to Reuben Mickel, of the E. ½ of Sec. 9, Tp. 79 N., R. 14 W., which includes the land in dispute.

The deed recites a sale of the said half section, on the 2d day of October, 1860, for the sum of $51.16.

The court found for plaintiff, and rendered judgment for him for the possession of the property.

Defendant appeals.

*Seevers & Cutts* and *Martin & Murphy* for the appellant.

*Withrow, Gatch & Wright* for the appellee.

DAY, J. — The facts of this case are singular. The land was sold in 1860 for the taxes of 1857, 1858 and 1859. For the years 1857 and 1858, the land in question was extended upon the tax list in tracts of forty acres, and for the year 1859 in tracts of eighty acres.

Section 764 of the Revision, as it stood at the time of this sale, required that the advertisement should contain a description of the several parcels of real property to be sold, as the same are recorded on the tax list. Section 765 of the Revision requires that the treasurer shall offer for sale, separately, each tract or parcel of real property advertised.

Thus a sale in forties would have violated the directions of the law for the sale for the taxes of 1859, and a sale in eighties does not follow those directions for the sale for the delinquencies of 1857 and 1858. Notwithstanding this attitude of the case, it is believed that it presents no question not already fully adjudicated by the decisions of

this court. It is urged by appellant that the tax deed, under which he claims, is the second one executed by the treasurer, based upon the sale, and that it was made in consequence of the invalidity of the first one. Appellee claims that, under the doctrine of *Corbin* v. *De Wolf*, 25 Iowa, 124, neither deed upon its face is void, because it appears in neither that the land was not assessed to the owner thereof, and by the same description as contained in the deed; and that the first deed proves a sale of an entire half section together, and the second deed in like manner proves the sale of the land in dispute, in tracts of eighty acres, and that thus they neutralize each other, and, together, prove nothing as to the *manner of sale*. A concession of this position would only make it incumbent on the party claiming under the second deed, when the fact of the existence of the former is shown, to prove that the sale occurred in the *manner* stated in the deed under which he claims.

The defendant did this on the trial, by the introduction of the sale book, showing a sale of the land in dispute in two tracts of eighty acres, as described in the deed. We have thus the fact of a sale established in the manner in the deed recited.

Indeed, it is not claimed that the sale did not occur in the manner stated in the deed, but it is urged that the *manner* stated is improper and illegal. This involves a consideration as to the effect of the deed, which is the only question presented for our determination. As before stated, it is conceded that the deed is not void upon its face.

Section 784 of the Revision, and the effect of a tax deed thereunder, received elaborate consideration in the case of *McCready* v. *Sexton & Son*, 29 Iowa, 357. The opinions therein announced, although taking different views of section 784, yet reach substantially the same conclusion as to its effect, both holding that a deed is not conclusive of

the *fact* of sale, but that it is conclusive of the *lawfulness of the manner* of sale. Cole, J., announcing the majority opinion, pages 389, 390, says: " The legislature may prescribe the time or manner in which these essential and jurisdictional acts shall be done, but it cannot either constitutionally or in the nature of things provide for passing the title to property for the non-payment of taxes without them. As to the time or manner in which they shall be done, the discretion of the legislature is absolute and supreme, and cannot be judicially controlled or interfered with. Having the right to prescribe the manner, it may also rightfully provide that a failure to comply with its directions as to the manner shall not defeat the end; or that no person shall question the legality of the manner; or that any subsequent act or fact shall be either *prima facie* or *conclusive* evidence that the law as to time or manner was complied with. In other words, the legislature, being supreme, may prescribe the time and manner of doing the act, and may make that, or any other time or manner, which the persons doing it may adopt, legal and sufficient."

Wright, J., upon page 415, uses this language: " If the intention was to make the deed *conclusive* evidence of the *fact* of *levy, sale,* etc., then I believe the rule stated in the foregoing opinion — that the statute may be held valid as to all except its ' *conclusive feature* ' — may be sustained. But according to my construction the deed goes in evidence without further proof, and carries with it the title, unless defeated, because of the omission of one of those essentials of which it is made but *prima facie* evidence; but does not conclude the party from showing that there was in fact no *levy,* no *sale,* and the like, while it is conclusive, that, *if a levy,* it was made *according to law;* if a *sale,* it was conducted *in the manner required by law,* and so of other matters in the same connection." It is needless to state that, under either of these views, the deed showing that the sale was made in a manner under

some circumstances proper, those circumstances are conclusively presumed to have existed in the present case.

It is urged that this presumption is rebutted because the tax lists, showing the mode of the extension of the tax thereon, were introduced by the defendant.

We cannot conceive for what purpose the defendant introduced this evidence. We may safely assert, however, that he did not introduce it for the purpose of invalidating the deed under which he claims.

The fact that the defendant introduced it is to our minds no reason that it shall have the effect which the law declares no evidence shall have.

This view disposes of the case, without a separate notice of the various errors assigned by appellant.

Reversed.