SIBLEY .V. BULLIS ET AL.

1. **Tax Sale:** COMBINATION: FRAUD. The grantee in good faith of the purchaser at a tax sale, who was guilty of fraudulent combination to prevent competition, acquires a good title if without notice of the combination. Following *Van Shaack v. Robbins*, 36 Iowa, 201.

2. **Conveyance:** QUIT CLAIM. A deed which contains the words, " do hereby sell and convey unto," is not a mere quit claim deed.

3. **Tax Sale:** DEED: CONCLUSIVENESS. A tax deed which shows a sale to have been in forty-acre tracts will not be defeated by evidence tending to show a sale in quarter sections, this fact pertaining to the *manner* of sale.

*Appeal from Howard District Court.*

MONDAY, APRIL 26.

THIS is a suit in equity to quiet the title in plaintiff to the SW. ¼ of Sec. 29, Tp. 100, R. 12, west. The plaintiff is the grantee and owner of the patent title. The defendant, M. R. Doolittle, bought the land at tax sale, in October, 1865, and took the treasurer's certificate of purchase; in September, 1868, he sold and assigned the certificate to the defendant, Lydia J. Travel, who received four separate deeds therefor,

made by the treasurer to her in November, 1868; in August, 1869, she conveyed to the defendant, Jane Doolittle; in Sept., 1869, she conveyed to the defendants, W. Strother and Levi Bullis, and in July, 1872, Strother conveyed his individual half to the defendant, Bullis. The original notice in this case was served November 9, 1871, and the petition was filed May, 1872. The answer sets up these facts, and asks to have the title quieted in Bullis. April 21, 1874, judgment was rendered, quieting the title in Bullis. The plaintiff appeals.

*H. A. Goodrich* and *J. O. Crosby*, for appellant.

*L. Bullis, pro se.*

COLE, J.—The plaintiff is the grantee and owner of the patent title; and the purchaser at the tax sale was guilty of

1. TAX SALE: combination: fraud.

fraud, for that he was a party to a combination to prevent competition in bidding at the sale. *Kerwen v. Allen*, 31 Iowa, 578. But it further appears from the evidence, and we so find, that the purchaser at the tax sale assigned the certificate of purchase to a third person, who purchased the same in good faith, for a valuable consideration, and without any notice of the fraudulent combination at the sale; and that, after procuring tax deeds thereon, she sold and conveyed the same to another, who likewise purchased in good faith. The fraud at the sale will not, it has been held, defeat the title of such *bona fide* purchaser. *Van Shaack v. Robbins*, 36 Iowa, 201. The evidence fails to show that Bullis had any knowledge of such fraud when he and Strother purchased.

The conveyances are not *mere* quit claim deeds; but contain the language, "do hereby sell and convey unto," as well as

2. CONVEYANCE: quit claim.

quit claim. That even a mere quit claim will pass the title; see *McConnell v. Reed*, 4 Scam., 117; *Rogers v. Hussey*, 36 Iowa, 664.

The tax deeds show that the sale of the lands was in forty acre tracts, and although the evidence tends to show the sale

3. TAX SALE: deed: conclusiveness.

to have been made in the entire quarter section, yet this being of the *manner*, the deed is conclu-

sive. *Ware v. Little*, 35 Iowa, 234, and cases cited. But if all was sold together, it would not necessarily be invalid. *Bulkley v. Callanan*, 32 Iowa, 461, and cases cited.

AFFIRMED.