HUSTON v. MARKLEY.

1. **Title**: DEFECT IN GRANTOR'S.  A party claiming land under and through another must establish the title of the latter, and upon failing in this his own becomes worthless.

2. ——: VOLUNTARY CONVEYANCE.  A gift of real estate by the father to his infant son, in consideration of love and affection, not established by such evidence as would enable the son to maintain an action for specific performance, does not pass a valid title.

3. **Tax Sale**: FRAUD: INNOCENT PURCHASER.  Fraud at a tax sale will not vitiate the title of a grantee from the tax purchaser if the grantee takes upon a good consideration and without notice of the fraud.

*Appeal from Des Moines District Court.*

WEDNESDAY, SEPTEMBER 18.

THIS action was originally brought February 5, 1875, against Charles B. Kline for the possession of forty acres of land described in the petition, and for rent and damages for wrongfully keeping plaintiff out of possession.  Kline answered, alleging that he was in possession as the tenant of one John Markley, who claims to hold the fee simple title to, and right of possession of, said real estate, and praying that his landlord be substituted as defendant, and that he be dismissed.

On the 10th day of May, 1875, the defendant, John M. Markley, answered, alleging that he was the owner of the land described in the petition, and denying plaintiff's ownership and right of possession.  The defendant further alleges that the tax sale under which plaintiff claims is fraudulent and

void, because of a combination and conspiracy of the bidders at said sale to bid in turn and not in competition with each other. The defendant, by way of cross-bill, alleges that when he was an infant his father, John Markley, for the consideration of love and affection, made defendant a present of said real estate, and directed Silas A. Hudson, of Burlington, Iowa, to take possession of the land and hold it for the sole use and benefit of the defendant, which he did; and defendant claims the right to redeem the lands under and by virtue of sections 892 and 893 of the Code of 1873, if it should appear that plaintiff acquired the legal title to said land by virtue of the tax sale. Afterward the defendant amended his answer and cross-bill, alleging that on the 14th day of August, 1875, his father, John Markley, conveyed to defendant his right, title or interest in said premises, and that defendant, on the 4th day of September, 1875, tendered to E. S. Huston, one of the attorneys of plaintiff, two hundred and seventeen dollars for the redemption of said land from tax sale, said sum being the amount plaintiff paid for the land to Dennison, purchaser at the tax sale, including interest and costs, and averring his readiness to keep the tender good, and that he brings the same into court to be paid plaintiff if the court should so order.

The cause was transferred to the equity docket, and was heard on written evidence. The court dismissed the defendant's cross-bill, and found that the plaintiff is entitled to the immediate possession of the property. The defendant appeals.

*J. & S. K. Tracy*, for appellant.

*Hall & Baldwin*, and *E. S. Huston*, for appellee.

DAY, J.—I. The defendant claims that he acquired the ownership of the property through a gift from his father, John
1. TITLE: defect Markley. From the abstract of title offered in in grantor's. evidence, and which defendant in his answer conceded to be correct, the following facts appear: The land

was patented by the United States to John H. Atchison, December 1, 1841. John H. Atchison conveyed to Andrew Scott, June 16, 1841, by warranty deed filed for record on the same day. John H. Atchison and wife conveyed to John Markley, June 7, 1842, by warranty deed filed for record on the same day. It thus appears that almost one year prior to the conveyance to John Markley, his grantor, John Atchison, conveyed the same land to Andrew Scott. No explanation of this fact is furnished in the testimony. So far as the evidence is concerned it does not appear that John Markley, through whom the defendant claims the land, ever had any title thereto. This fact alone is conclusive against defendant's claim to relief.

II. If it should be conceded that John Markley acquired title to the land, we feel satisfied that the evidence does not show any gift in fact of the

2. ———: voluntary conveyance.

land to the defendant. The most that can be claimed for the evidence is that it shows that John Markley intended the land for his son, and expected to give it to him at a future time. Respecting the gift of the land John Markley testifies as follows:

"Ques.—Did you make a gift of a forty-acre tract of land about that time to your then infant son John M. Markley? If yea, state where said land was situated, and describe it. Ans.—I designed it for him—as I remarked to Silas A. Hudson that the land would do me no good, but might benefit my son John M.—but never until recently made a deed to him.

Ques.—If you say you made a gift of a forty acre tract of land about that time to your son John M. Markley, state who, if any, you appointed agent. Ans.—I requested Silas A. Hudson to see after the land."

It may be supposed that John Markley places the transaction in as favorable a light for his son as the facts will warrant. This witness further testifies:

"Ques.—Have you ever had any applications to buy this

land, through your agent or otherwise, since 1857? If so, from whom, and what reply did you make? Ans.—I had an application; I don't believe I answered the letter; the proposition didn't suit me."

There is no intimation here that a proposition to buy the land was not entertained because the land had been given to his son. It is true Silas Hudson positively testifies that the land was given into his charge for the use and benefit of John M. Markley. We think it fair, however, to rest the case upon the testimony of John Markley, who has the strongest motives to make for his son the best case possible consistent with truth. From his evidence we cannot find any completed gift, nor such a state of circumstances as would entitle the son, as against the father, to a specific performance. We have no hesitancy in holding from the evidence that the defendant has not shown any title to or interest in the premises entitling him to any relief.

III. The land in controversy was sold October 4, 1869, for the delinquent taxes of 1868. A treasurer's deed therefor was duly executed to George B. Dennison, November 13, 1872. The plaintiff claims title under George B. Dennison, through warranty deed executed October 13, 1874. The defendant claims that there was a combination and conspiracy among the bidders at the sale to bid in turn, and prevent competition, and that, in consequence thereof, the sale is invalid. As the plaintiff in this action must rely upon the strength of his own title, and not upon the weakness of defendant's title, it becomes necessary to examine this defense. The evidence shows quite satisfactorily that plaintiff is a purchaser from Dennison for valuable consideration, without notice of any fraud in the sale. Whatever the facts may be as to the illegal combination at the sale, plaintiff's title must be protected. *Van Schaack v. Robbins,* 36 Iowa, 201; *Sibley v. Bullis,* 40 Id., 429.

1. TAX sale: fraud: innocent purchaser.

IV. It is claimed that when Hudson, the party in charge of the property, applied to the treasurer to pay the subsequent

taxes, the treasurer informed him the taxes of 1868 were paid, and that this gives John Markley a general right to redeem under the doctrine of *Corning Town Co. v. Davis*, 44 Iowa, 622, if it should be found that the gift to his son, the defendant, has not been established. But, as we have seen, the evidence does not establish title in John Markley. Besides he is not a party to this record. He does not offer to redeem, nor ask to be permitted to do so. His right to redeem cannot be determined in this action. We express no opinion whether the facts of this case bring it within the principle of *Corning Town Co. v. Davis, supra*. It is not proper that we should do so in view of the state of the record. The proceeding below discloses no error.

AFFIRMED.