## MARTIN v. RAGSDALE ET AL.

1. **Tax Sale:** GOOD FAITH PURCHASER: IRREGULAR SALE. The grantee in good faith, from the purchaser of lands sold in mass at a tax sale not publicly made, acquires a good title if without notice of the irregularities.

*Appeal from Union District Court.*

THURSDAY, DECEMBER 5.

ACTION to set aside a tax deed. The district court dismissed the petition, and the plaintiff appeals.

*N. W. Rowell,* for appellant.

*Stuart Bros.* and *McDill & Sullivan,* for appellees.

SEEVERS, J.—The grounds relied on for setting aside the deed are that the lands were sold in mass, and that the sale was not publicly made. For the purposes of the case these several propositions will be regarded as established by the testimony.

1. TAX sale: good faith purchaser: irregular sale.

The lands were conveyed by the county treasurer to Woodard; he conveyed to J. W. Ragsdale, and he to the defendant George H. Ragsdale. Counsel for appellant, in his argument, states: "No question is raised or made as to plaintiff's or defendants' title, except as to the validity of the four tax deeds offered in evidence." But the appellees insist that the defendant George H. Ragsdale is a purchaser in good faith, for a valuable consideration, and that he holds under a warranty deed. That he does hold under such a deed is true, and a careful examination of the evidence fails to satisfy us that he had any notice of the matters above stated, which, it is claimed, render the sale invalid. His title is, therefore, valid,

(*Van Shaack v. Robbins,* 36 Iowa, 201; *Sibley v. Bullis,* 40 Iowa, 429) unless the fact that his immediate grantor holds under a quit-claim deed, as is claimed, makes a difference between this and the cases above cited.

Whother the fact that the defendant G. H. Ragsdale's grantor held under a quit-claim deed, in and of itself and alone, is sufficient to charge the said Ragsdale with notice of the matters aforesaid, which occurred at the sale, has never been determined in this State.

As far as we have gone in this direction is to hold that the party holding under such a deed is not a good faith purchaser. *Springer v. Bartle,* 46 Iowa, 688, and cases there cited.

Whether the deed in the case at bar is a quit-claim deed, or is of the same character as that in *Sibley v. Bullis,* before cited, we have no means of determining.

The abstract discloses the fact that it, or a copy thereof, was introduced in evidence, but it is not contained therein.

We are required to presume the deed was of such a character as will sustain the ruling below.

It is true, the deed is called a quit-claim in the answer of the defendants, but this is a legal conclusion only, and in view of the statement contained in appellant's argument above quoted, and the presumption before stated, we think the statement in the answer is not sufficient to warrant us in reversing the judgment of the District Court.

AFFIRMED.