## LAMB et al. v. DAVIS et al.

1. **Tax Sale and Deed: TO AGENT OF OWNER: TITLE OF BONA-FIDE GRANTEE.** Although an agent cannot acquire a valid tax title to the lands of his principal, yet, where he thus acquires the legal title, a purchaser from him in good faith and for value will be protected against the equities of the principal.

2. ————: ————: WHO IS AGENT. Where a friend of the non-resident owner of land volunteered to pay the taxes with his own money, expecting to be reimbursed, but the owner neglected to reimburse him when requested so to do, *held* that he was in no sense the agent of the owner for the payment of the taxes, and that he had the same right as any other person to bid in the land for subsequent unpaid taxes, and to take a treasurer's deed therefor, and that he was not liable to account to the former owner for the land or its proceeds.

3. ————: SALE TO ONE NOT PRESENT: TITLE OF SUBSEQUENT GRANTEE. Where the purchaser of land at tax sale was not present at the sale either in person or by agent, but the land was stricken off to him in pursuance of a secret arrangement between himself and the treasurer, but without fraud, *held* that the sale was not void, but that, on account of the irregularity, he might have been divested of all interest in the property by proper proceedings while he held the title; but that he was not liable as a trustee of the land or of the proceeds of the sale of it; and that a good-faith purchaser for value from him could not be disturbed in his title on account thereof.

*Appeal from Ringgold District Court.*—HON. R. C. HENRY, Judge.

FILED, SEPTEMBER 5, 1888.

ACTION in equity. The prayer of the petition is in the alternative—(1) that the title to certain real estate be quieted in plaintiffs against a tax deed executed by the county treasurer to defendant George Sweney, and that the conveyance under him, through which defendants claim title, be canceled; or (2) if that relief cannot

be granted, that Sweney be adjudged to hold the proceeds derived by him from the sale of the property in trust for plaintiffs, and that he be required to pay over the same to them. The district court, upon a hearing on the merits, dismissed the petition. Plaintiffs appeal.

*Laughlin & Campbell* and *J. W. Brockett*, for appellants.

*S. L. Glasgow* and *F. F. Leathers*, for appellees.

REED, J.—Plaintiff A. H. Lamb and the mother of the other plaintiffs (who is now deceased) became the owners of the property in 1855. It was purchased by their father from Hugh C. Hodge, who at his request conveyed it to them, they at the time being minors. Sweney had formerly owned the land, and had sold it to Hodge. Soon after the purchase from Hodge, plaintiffs' father removed with his family from this state to Kentucky, where he afterwards died. He had failed in business in this state, and Sweney was the assignee, under the insolvent laws, of the partnership of which he was a member. For a number of years after the purchase from Hodge, Sweney paid the taxes on the land. In 1870 the treasurer of the county executed to him a tax deed of the land, which is in regular form, and which recites a sale in October, 1863, for the delinquent taxes of 1861 and 1862. In 1879, Sweney sold and conveyed the land to A. G. Davis for the consideration of sixteen hundred dollars, the conveyance being by warranty deed, and he subsequently conveyed it by a like conveyance to defendant E. C. Davis. The grounds alleged by plaintiffs for relief against the tax deed and subsequent conveyances are (1) that, at the time of the pretended sale of the land for delinquent taxes, Sweney was their agent, charged with the duty of paying the taxes thereon, and of protecting it from tax sale, and that consequently he could not, as against them, acquire title to it under a sale of that kind; and (2) that

1. TAX sale and deed: to agent of owner: title of bona-fide grantee.

Sweney was not present either in person or by agent at the alleged sale, but that the lands were stricken off to him by the treasurer in pursuance of a secret arrangement theretofore entered into between him and Sweney.

If each of these allegations were proven, plaintiffs would not, in view of the other facts of the case, be entitled to relief as against defendant Davis. His grantor is shown to have been a purchaser of the property for value, and without notice of the alleged irregularities or frauds in the sale, and he and his grantees will be protected against the equities of the former owners growing out of the same. *Van Shaack v. Robbins*, 36 Iowa, 201; *Sibley v. Bullis*, 40 Iowa, 429; *Martin v. Ragsdale*, 49 Iowa, 589.

We will next examine the question whether plaintiffs are entitled to the relief demanded against Sweney.

2. $\frac{}{\text{who is agent.}}$ The undisputed evidence is that the payments of taxes made by him after the purchase of the land from Hodge were made with his own money. He had no funds in his hands belonging either to plaintiffs or their father. The only evidence on the subject is his testimony, and that is to the effect that he was never requested by any of the parties to give any attention to the property; but, being an acquaintance and friend of the father, he voluntarily assumed to make the payments, expecting to be reimbursed therefor, and that he afterwards wrote to the father informing him that he had paid the taxes, and requesting him to remit the amount to him, which he neglected to do, and that he thereupon declined to make any further advances, and permitted the taxes to become delinquent. Very clearly, this voluntary and friendly act on his part did not create a fiduciary relation between him and them, nor did it impose upon him the duty of looking after or protecting their interest. His act of permitting the property to go to sale was neither a breach of good faith nor a violation of duty, and he was at liberty, like any other citizen, to purchase it, and he can no more be charged as a trustee of the property

than could any other person who, while occupying an indifferent position towards the owners, had become the purchaser. The evidence as to the manner of the sale is conflicting. But if it be conceded that the facts are as claimed by plaintiffs, they would not be entitled to the relief demanded.

B. ——: sale to one not present: title of subsequent grantee.

It would follow only in that case that the sale was irregular, and might have been avoided and the land recovered, by a proper and timely action for that purpose. It would not follow that the purchaser under such sale can be charged as a trustee either of the property or the proceeds after a sale. He might have been divested of all interest in the property if an action had been instituted to set the sale aside while he held under it; but that is the extent of his liability. The matter alleged, it will be remembered, constituted a mere irregularity, and there is no pretense that there was any actual fraud in the sale.

AFFIRMED.