GERMAN SAVINGS BANK, Appellee, v. O. H. WALKER, Trustee, et al., Appellants.

**TAXATION:** Redemption—Deed Without Notice to Tenant in Possession. A tax deed, issued in the absence of any notice to a tenant in possession, does not bar redemption, even though the property has passed to an *innocent purchaser for value.*

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

FEBRUARY 15, 1921.

ACTION by plaintiff, judgment creditor of the Granite Brick Company, former owner of the land in controversy, to set aside a tax deed and redeem from tax sale. From a decree permitting redemption, defendants appeal.—*Affirmed.*

*J. L. Witwer,* for appellants.

*Parrish & Cohen,* for appellee.

ARTHUR, J.—On December 1, 1915, and subsequently, the Granite Brick Company was the owner of the land in controversy, the west five acres of Lot 6, of Dawson estate land, in Section 15, Township 78, Range 43, Polk County, Iowa. On December 1, 1913, plaintiff obtained three several judgments,

aggregating $37,131.15, which judgments became liens on the above-described property. The first of the judgments was partially satisfied by sale under special execution of Lot 7 and a portion of Lot 8 of the Dawson estate land, under which a sheriff's deed was issued to plaintiff on January 15, 1915. The balance of the judgments remained unsatisfied, and the property of plaintiff,—valid and subsisting judgments against the Granite Brick Company.

On December 2, 1912, the property in controversy was sold by the treasurer for the taxes of 1911 to one F. H. Noble, and the certificate of purchase was transferred to O. H. Walker, trustee, one of the defendants. All subsequent taxes were paid by the holder of the certificate of purchase. On December 31, 1915, the German Savings Bank made a lease to A. J. Northway of ''a tract of land near Hastie, Iowa, known as the Granite Brick Company property, 120 or 150 acres, more or less,'' which included the property in controversy, while it does not describe it.

Notice for tax deed was duly served on the Granite Brick Company, to whom the property was taxed. On January 20, 1918, notice was delivered to W. L. Baugh for service, and on the same day, he went out upon the land to serve the notice on anyone whom he might find in possession, and returned that he found the land vacant and unoccupied. Return of service was filed with the treasurer on February 11, 1918.

On February 11, 1918, the German Savings Bank, plaintiff, sold the land to George and Mary Pierick, describing the land the same as above described in the lease to Northway. On June 21, 1918, the treasurer issued a tax deed to O. H. Walker, trustee, one of the defendants. On September 12, 1918, Walker, trustee, conveyed the land to Edward Lawson, one of defendants, by a special warranty deed. On October 25, 1918, plaintiff began this suit to redeem.

That legal notice for tax deed was served on the Granite Brick Company, in whose name the property was taxed, is conceded. Plaintiff's claim, on which it bases its right to redeem, is that A. J. Northway was in possession of the property, and that he was not served with notice for tax deed.

W. L. Baugh, to whom was delivered the notice for service

on anyone in possession of the premises, returned that he found the premises vacant and unoccupied. Baugh was called as a witness, and testified that he went out onto and viewed the premises on January 20, 1917; that there was a partition fence on the east side of the five-acre tract, and one on the north, but no fence on the south or west, except a fence running down on the west side; that he walked around the five-acre tract, and went through the house; that no one was occupying the house; that no brush or timber had been cut on the premises; that he made inquiries in the neighborhood as to whether the premises had been occupied, and could not find out that there was anybody in possession, or had been occupying the premises for three or four years.

Northway, called as a witness, testified that he knew where Lot 6 was located; that he took possession of part of Lot 6, and cleared the brush from the west five acres; that he put a temporary fence around the five-acre tract, in the spring of 1915 or 1916; that, when he leased it, there was no fence; that he kept possession of the west five acres of Lot 6 until the time that Pierick bought it, in February, 1918; that he cleared the timber off of it during that time and pastured it, two cows part of the time, and part of the time three, and two horses; that, when he went upon the premises, he took what the Granite Brick Company claimed was its land; that the lease described the land as the Granite Brick Company land; that he had the west five acres of Lot 6 leased for three years; and that, in addition to putting a fence around it, he cleared it off, and exercised control over it.

Other witnesses testified to Northway's occupancy and to his building a fence around the premises, and of his clearing it off and using it. None of the land was cultivated.

From the evidence we must find that Northway was in such occupancy and control and possession of the premises on January 20, 1918, as to require notice upon him, under the statute.

Under this finding,—that Northway was in possession,— and it being conceded that no notice was served on him, the plaintiff had the right of redemption granted him by the decree of the court below, unless the contention of the defendant is sound and must prevail,—that Edward Lawson, a good-faith

purchaser for value, without notice of irregularity or other matters not disclosed by the record, is protected; and that the deed held by Lawson is invulnerable, even though want of notice on Northway would void the title if the title were still in O. H. Walker, trustee, the original holder of the tax deed.

Appellant Lawson's claim is that the title under the tax deed is not absolutely void because of want of service of notice for the tax deed on Northway, but voidable only.

It is not claimed that any fraud was committed, and there was no bad faith on the part of Lawson or of Walker, trustee. It clearly appears from the evidence that Edward Lawson was a good-faith purchaser for value. He received from Walker, trustee, an abstract of title, showing no flaw in the title. The Northway lease was not of record.

Now, does the status of Edward Lawson, a good-faith purchaser for value, and without notice of infirmities in the title, under undisputed facts, entitle him to prevail against the plaintiff's claimed right of redemption because notice was not served on Northway?

Appellee argues, and cites authorities to sustain his argument, to the effect that the failure to serve notice for tax deed on Northway, who was in possession, is such a failure to comply with the provisions of Code Section 1441 as to allow plaintiff, the judgment creditor of the fee owner, to redeem from tax sale. The right of a judgment creditor to redeem from tax sale property on which his judgment is a lien, the same as the fee owner, is well settled. *Swan v. Harvey,* 117 Iowa 58; *Ashenfelter v. Seiling,* 141 Iowa 512. We have held in many cases that a good-faith purchaser for value, without notice of certain kinds of irregularity, fraud, or other matters not disclosed by the record, is protected, even though such matters would vitiate the title, if it were still in the original holder of the tax deed. Such title is not absolutely void, but voidable only. *Van Schaack v. Robbins,* 36 Iowa 201; *Sibley v. Bullis,* 40 Iowa 429; *Ellis v. Peck,* 45 Iowa 112; *Huston v. Markley,* 49 Iowa 162; *Martin v. Ragsdale,* 49 Iowa 589; *Lamb v. Davis,* 74 Iowa 719.

*Van Schaack v. Robbins,* supra, was an action to set aside a tax sale because the purchaser at tax sale entered into an agreement with others to prevent competition in the bidding. It was

admitted that Robbins was an innocent purchaser for value and in good faith. The question presented was whether admitted fraud by the purchaser at tax sale would defeat the title in the hands of an innocent purchaser for value. Plaintiff claimed that, under the statute, the sale was absolutely void, regardless of the innocence of the person then holding the title. Defendant claimed that it was only voidable, and was valid in the hands of an innocent purchaser. In that case, this court construed the statute, and held the sale to be voidable only, and protected the innocent purchaser, because such purchaser could not ascertain such fraud from an examination of the records.

In *Sibley v. Bullis, Ellis v. Peck,* and *Huston v. Markley,* supra, attacks were made on the tax deeds and subsequent conveyances because of collusion and fraud committed by the bidders at the sale and officers conducting the sale. This court held that the purchaser in good faith, for value, was protected.

In *Martin v. Ragsdale,* 49 Iowa 589, attack was made on a tax deed because the lands were sold *en masse,* and the sale was not publicly made. These matters were conceded, but the grantee in good faith was protected, following the *Van Schaack* case.

In *Lamb v. Davis,* supra, the conceded irregularity was that the tax purchaser was not present in person or by agent at the sale, and that the property was stricken off to him in pursuance of a secret arrangement. The court said:

"If each of these allegations were proven, plaintiffs would not, in view of the other facts of the case, be entitled to relief as against defendant Davis. His grantor is shown to have been a purchaser of the property for value, and without notice of the alleged irregularities or frauds in the sale, and he and his grantees will be protected against the equities of the former owners growing out of the same."

Appellant argues that the question involved in the instant case is settled in his favor by the above-cited authorities: that is, that the deed in question is voidable only, and that, the irregularity of not serving Northway, who was in possession of the premises, being an irregularity which did not appear of record, and could not be discovered by Lawson, Lawson is therefore protected as a purchaser in good faith, for value, without notice of such infirmity.

There is involved in the instant case an omission or irregularity of a different character from the irregularity involved in the before-mentioned cases upon which appellant relies. Notice, as required by statute, is essential, among other things, as a foundation for the issuance of a tax deed. Because Northway, the person in possession of the land, was not served, the treasurer was without authority to issue the tax deed, and such want of notice is fatal to the tax title, not only in the hands of the original purchaser at tax sale, but in the hands of Lawson as well, even though Lawson was a purchaser in good faith, for value, and without notice of such infirmity. It has been uniformly held by this court that the authority of the treasurer to issue the deed is dependent upon the service of the notice provided by statute, upon the person in possession of the real estate. The service of such notice would seem to be necessary and indispensable to give the treasurer jurisdiction and authority to issue the tax deed. *Ashenfelter v. Seiling,* 141 Iowa 512; *Callanan v. Raymond,* 75 Iowa 307; *Snell v. Dubuque & S. C. R. Co.,* 88 Iowa 442; *Foy v. Houstman,* 128 Iowa 220; *Grimes v. Ellyson,* 130 Iowa 286; *Shelley v. Smith,* 97 Iowa 259; *Hushaw v. Wood,* 178 Iowa 752.

It being conceded that Northway was not served with notice, under our finding that he was in possession of the premises we must hold, with the trial court, that the plaintiff has the right to redeem the property from tax sale. Plaintiff is entitled to the relief granted by the trial court, and the decree of the trial court is—*Affirmed.*

Evans, C. J., Stevens and Faville, JJ., concur.