FARMERS' LOAN & TRUST COMPANY v. MARY WALL, WM. MILCHRIST, ET AL., Appellants.

**Taxation:** CANCELLATION OF SALE. By Code Section 1444 a tax deed is made conclusive evidence that the grantee therein named was the purchaser at the sale; but, without the aid of the statute it would be prima facie evidence of that fact, which, to avoid the sale would have to be overcome by proof that the purchaser was in fact another and that the grantee did not succeed to his rights.

**Same.** Where the real purchaser at a tax sale acts through an agent and the certificate is issued in the agent's name, the substitution of the name of another agent as grantee in the tax deed, for the convenience of the principal, will not render the sale void on the theory that the grantee is not the purchaser.

**Payment of bids.** Payment for land purchased at tax sale, which is made immediately after the sale, is a compliance with Code Section 1426 requiring that the amount bid shall be paid forthwith; but if this were not so, slight delay in payment is not a matter of which the owner can take advantage to set aside the sale.

*Appeal from Woodbury District Court.*— HON. JOHN F. OLIVER, Judge.

TUESDAY, FEBRUARY 13, 1906.

ACTION to quiet title to six lots in block 106 of Pierce's addition to Sioux City. Decree as prayed, from which defendants appeal.— *Affirmed.*

*Milchrist & Scott,* for appellants.

*M. J. Sweeley,* for appellee.

LADD, J.— The lots in controversy were offered for sale by the treasurer of Woodbury county, December 6, 1897, and were bid in by H. M. De Land in the name of James F. Toy, but at the instance of and for the benefit of the Farmers' Loan & Trust Company, of which Toy was president. Upon payment of the amounts for which the several lots were bought by the company, probably several days after the sale, certificates of sale, at its instance, were issued by the treasurer to H. C. Sievers as purchaser, he then being an employé of the company. Afterwards these certificates were assigned to the Iowa Loan & Trust Company by which tax deeds were procured and placed on record, and it then conveyed the lots to the plaintiff. It should be added that the name of Sievers appears as purchaser in the record of sales which section 1427, of the Code, required the treasurer to keep, but in his memoranda made at the sale from which the record was prepared, the name of Toy was noted as purchaser.

The appellants contend that any sale made was not consummated, in that the grantee named in the tax deed was not the purchaser at the sale. This is met by section 1444 of the Code, declaring the deed conclusive evidence that the grantee named therein was the purchaser. It is sought to obviate this statute by saying that it is unconstitutional, though without pointing out the provisions of the Constitution to which it is inimical. From the two authorities cited, however, we infer the article

1. TAXATION: cancellation of sale.

intended to be that forbidding the taking of private property for the public use without due process of law. The mere statement of the proposition is hardly sufficient to justify the determination of so important a question. But see *Larson v. Dickey,* 39 Neb. 463 (58 N. W. 167, 42 Am. St. Rep. 595). The evidence is conclusive that there was a sale, and if the contention of appellant were to be conceded the deed would continue to be *prima facie* evidence that the grantee named therein was the purchaser. *Mc-Cready v. Sexton,* 29 Iowa, 356.

The lots were exposed at public auction in strict compliance with law. De Land, in what he did, acted in the interest of the plaintiff. The purchase was made for it, though in the name of Toy. Though the certificate was issued to Sievers, this was for the benefit of the company. It was not a case of no sale, or of a private sale, as *Butler v. DeLano,* 42 Iowa, 350. Nor was it a purchase by one party, and the substitution of another, as *Keene v. Houghton,* 19 Me. 368. The main objection in that case was that right to thus substitute would interfere with competition. Where the change is merely in the agents or trustees of the same principal or *cestui que trust,* such an effect would be impossible. That one may act as agent for two purchasers at a tax sale was held in *Pearson v. Robinson,* 44 Iowa, 413. So may both a principal and his agent bid at the same sale. *Jury v. Day,* 54 Iowa, 573. We perceive no reason, in the absence of bad faith, for saying that the principal, in substituting, for its own convenience, one agent for another as purchaser, should be held to have forfeited the rights of both. As the deed is *prima facie* evidence of who the purchaser was, this must be overcome by proof, that not only the purchaser was another, but that he did not succeed to the purchaser's right. This must be so, for the statute authorizes the assignment of the certificate of purchase, and the execution of the deed to the assignee. Section 1433, Code. The statutory presumption is not that

2. SAME.

the grantee in fact bought the land at the sale, but that he either so did or succeeded to the rights of such bidder. Part 3 of section 1444 makes the deed conclusive evidence of all matters of mere manner and form, and the validity of such a provision is upheld in all the authorities. *Rima v. Cowan,* 31 Iowa, 125; *Bulkley v. Callanan,* 32 Iowa, 461; *Leavitt v. Watson,* 37 Iowa, 93. In the last case the court, speaking through Miller, J., said:

The position of appellee's counsel is that unless the sale is a legal one it is to be treated as no sale whatever, and the argument is that the sale is not legal unless made in strict compliance with the directions of the statute. To adopt this view would be to constitute the manner of making the sale the essential thing, whereas the sale is the essential matter, so essential to the validity of a tax title that the Legislature has no power to dispense with it, or to make the tax deed conclusive evidence of it. McCready v. Sexton & Son, *supra;* Rima v. Cowan, *supra.* In order to divest the title of the owner there must be a sale in fact, but it is not essential that it should be in form and manner as the law directs; hence it is competent for the Legislature to provide, as it has done, that the tax deed shall be conclusive evidence ' that the sale was conducted in the manner required by law.'

The substitution of the name of one person in the place of another, when both were acting for the same principal, and in the same interest, could by no possibility prejudice the owner or the public. The real purchaser continued unchanged. In effect, then, the grantee named in the deed was the purchaser, and the conveyance cannot be set aside on this ground.

II. The objection to the sale as being *en masse* cannot be considered, because not raised in the pleadings. *Wallace v. Berger,* 25 Iowa, 456.

The inference to be drawn from the evidence is that the several amounts bid were not paid forthwith as exacted by section 1426, of the Code. They were paid immediately

after the sale and certificates issued in pursuance thereof.

3. PAYMENT OF BIDS. This related solely to the manner of conducting the sale, as to which the tax deed is conclusive evidence. Were this not so, however, the slight delay in the payment is not a matter of which the owner can complain. The statute exacting immediate payment of the amount bid for land was not enacted for the preservation of the delinquent owner's title nor the conservation of any interest he may have, but for the convenience of the treasurer and the protection of the public revenue. The officers cannot sell on credit. The remedy, if a purchaser fails to pay, is to put the land up for sale again. *Sheldon v. Steele,* 114 Iowa, 616. But if the treasurer chose, rather than stop to take the money when the property is struck off, to postpone this to a time immediately following the sale, this does not amount to extending credit, nor is it such a departure from the letter of the statute as will affect the validity of the sale. To this extent, at least, the statute is directory. As precisely in point, see *Judah v. Brothers,* 72 Miss 616 (17 South. 752, 33 L. R. A. 481).

The decree is *affirmed.*