D. B. ASHENFELTER, Trustee, Appellee, v. E. H. SEILING and ELLA SEILING, Appellants, and W. J. SCHANDEL-MEIER and others, Appellees.

**Taxation:** REDEMPTION : PROOF OF SERVICE OF NOTICE : DUTY OF TREASURER. Upon the return of service of notice of the expiration of the period of redemption from a tax sale, it becomes the mandatory duty of the treasurer to forthwith report the same

in writing to the auditor, that he may know the exact time
when the right of redemption expires; and until this is done
he may rightfully receive redemption from those entitled to redeem,
and especially those who have not been served with notice in
due time. ·

**Same:** PROOF OF SERVICE OF NOTICE: PRESUMPTION.    The filing of
2 proof of service of a redemption notice with the treasurer is
only presumptive evidence of completed service, and where
there has been a material omission of any required step by
which the right of redemption may be cut off this presumption
·is overcome; as where the treasurer neglects to file proof of
service of notice with the auditor as required by statute.

**Same:** CONSTRUCTION OF STATUTES.    The right of redemption from
3 a tax sale will be liberally construed in favor of the tax payer.

**Same:** SERVICE OF NOTICE OF REDEMPTION: PROOF OF SERVICE.    The
4 affidavit of service of a redemption notice must show at whose
direction the service was made, and the notice must be served
upon the party in possession to support a tax deed.

*Appeal from Boone District Court.*—HON. W. D. EVANS,
Judge.

WEDNESDAY, MARCH 10, 1909.

THE material facts are stated in the opinion.—*Af-
firmed.*

*Dyer & Hull,* for appellants.

*Goodykoontz & Mahoney,* for D. B. Ashenfelter.
*D. G. Baker,* for W. J. Schandelmeier.

WEAVER, J.—Some ten years prior to the commence-
ment of this action one Jacob Schandelmeier died seised
of two lots in the city of Boone, on one of which was a
house occupied by himself and his family as a home. He
left a will, by the terms of which his widow was given
a life estate in said property, with remainder over to his
sons, William J. and John G. The two lots, which ad-

joined, were separately assessed for the taxes of the year 1902, and such taxes, with certain special assessments, becoming delinquent, they were sold in bulk to the defendant T. E. Means, at the treasurer's sale held in December, 1903. On September 11, 1906, Means served notice of the expiration of the period of redemption upon the widow, Elizabeth, but served no notice upon the son John G. Schandelmeier, who occupied the premises with her. It should also be said in this connection that the said John G. is ordinarily known as George Schandelmeier, and that, as shown by the tax sale record, the property in question was taxed to "George G. Schandelmeier," while the special assessment described the owner as "the estate of George Schandelmeier." As already stated, the notice of expiration was served upon Elizabeth alone, and return thereof was on the same day filed with the county treasurer, but no report or statement of such notice or service thereof was ever made by the treasurer to the county auditor, as required by Code, section 1341, nor was any statement or memorandum thereof ever entered in the auditor's salebook against the description of said lots. At this time the remainder in said property, owned by William J. Schandelmeier, had become incumbered by mortgage, made and executed by him to one Otto Hile, and several judgments against John G. or George Schandelmeier were apparent liens upon his remainder. The mortgagee, Hile, and the holders of said judgment liens united in transferring their several claims in trust to the plaintiff, who on December 11, 1906, went to the office of the county auditor and redeemed the property from the tax sales, receiving the usual certificate of redemption, signed by said auditor and countersigned by the county treasurer. Record of such redemption was at the same time entered upon the books of both the auditor and the treasurer. On the following day, December 12, 1906, Means, the holder of the tax sale certificate, appeared before the treasurer,

and, refusing to recognize the redemption, demanded a deed. To this demand the treasurer acceded, and, ignoring the redemption made on the previous day, executed and delivered a tax deed to Means, who thereafter conveyed to the defendant E. H. Seiling, informing him of the circumstances under which the tax deed had been issued. On January 3, 1907, the plaintiff instituted this action in equity to foreclose the mortgage assigned to him by Hile, and impleaded therein as defendants the widow and sons of Jacob Schandelmeier, together with Means and his grantee, Seiling. The petition alleges the redemption of the property from taxes, and asks that the mortgage be given preference over all claims asserted under the tax sale. The son William J. Schandelmeier also appears, and by cross-petition asks that the tax deed be decreed to be void. The defendant Seiling asserts and relies upon the validity and sufficiency of the tax deed made to his grantor, Means. The trial court found for the plaintiff, and cross-petitioner, held the tax deed to be void, and entered a decree for the relief demanded. Seiling appeals.

Several issues involving the validity of the tax sale and deed are presented by the pleadings and argued by counsel; but, in view of our conclusion as to the effect of redemption made by the plaintiff, we shall not enter upon any consideration of the regularity of the tax sale. The statute, Code section 1341, provides that after the expiration of two years and nine months from the date of sale the holder of a certificate of purchase may serve upon the person in possession of the land, and also upon the person in whose name it is taxed, a notice to the effect that the time of redemption will expire unless such redemption be made within ninety days from the completed service of such notice. It further provides that proper return of the service of such notice shall be filed with the treasurer, and entered by him upon

**1. TAXATION:** redemption: proof of service of notice: duty of treasurer.

the salebook opposite the entry of sale, and that such record shall be presumptive evidence of completed service. It still further provides as follows: "The treasurer shall upon the filing of the proof of service and statement of costs forthwith report the same in writing to the auditor and shall enter it in the salebook against the proper tract of real estate." The purpose of this latter proposition is quite apparent. The auditor is the officer, and the only officer, authorized to permit or receive redemptions made from tax sales. It is he to whom the landowner desiring to redeem must apply to ascertain the amount required to redeem, and to his records he must look to determine whether the apparent right to redeem exists. It is therefore a matter of vital importance that the officer upon whom this power and duty are imposed shall know, and that his books shall disclose, at what time the period of redemption will expire. Under our former statute, by which the period was made to expire in all cases at the end of three years from the date of sale, the auditor's record of sale answered this purpose, and after the expiration of three years the authority of that officer to accept redemption ceased. *Pearson v. Robinson,* 44 Iowa, 413. But the amendment of the tax statute which preserves the right of redemption until cut off by a notice duly served would lead to endless confusion and litigation if the period of redemption could be terminated without information thereof being given to the only officer authorized to accept redemption. To avoid such result the statute makes it the duty of the treasurer, when return of service of notice is made to him, to forthwith make written report thereof to the auditor, and we think it follows of necessity that until this is done the auditor is justified in assuming that the right of redemption has not expired, and may rightfully receive redemption at the hands of the owner or lienholder; at least from such redemptioners as have not been personally served with notice in due time.

As opposed to this view our attention is called to that part of the Code section above cited, which provides that the filing of the proof of service with the treasurer, and entering thereof upon the treasurer's sale record, shall be presumptive evidence of completed service of said notice, but this provision does not in our judgment justify the conclusion counsel seek to draw from it. Such record is presumptive evidence only, and if there be a material omission in any of the required steps by which the period of redemption may be cut off, the presumption arising from the treasurer's record is overcome. It is, as we have already seen, the duty of the treasurer on receiving such proof to act at once, forthwith, in order that the auditor shall be promptly advised of the time when the right of redemption will expire. This is as much a part of the treasurer's duty as it is to receive and make entry of the proof of service on the proper owner. It is not merely directory; it is mandatory.

*2. SAME: proof of service of notice: presumption.*

The right and authority of the State to seize and sell valuable property for the payment of a relatively small tax, while necessary, is often so oppressive in its results that we are bound to construe the right of redemption with all reasonable liberality, and hold the person who seeks to foreclose it to very substantial compliance with all of the provisions which have been enacted for its protection. *Burton v. Hintrager,* 18 Iowa, 348; *Penn v. Clemans,* 19 Iowa, 372; *Rice v. Nelson,* 27 Iowa, 148; *Foster v. Bowan,* 55 Iowa, 237; *Burke v. Cutler,* 78 Iowa, 299.

*3. SAME: construction of statutes.*

There are other reasons why the redemption in this instance may properly be held to have been made in due time. The affidavit of the holder of the tax certificate to the service of notice upon Elizabeth Schandelmeier does not conform to the statute, which requires it to show at whose di-

*4. SAME: service of redemption: proof of service.*

rection the service was made. Code, section 1441. We have held that obedience to this requirement is necessary before the right of redemption is lost to the property owner. *Grimes v. Ellyson*, 130 Iowa, 286. Again, the statute requires that the notice shall be served upon the person in possession of the land and upon the person in whose name the land is taxed. Appellant's abstract shows that the land was taxed for the year 1902 in the name of George G. Schandelmeier, and it is also shown that George Schandelmeier was living upon the property. The failure, therefore, to serve notice upon him is, in our judgment, a sufficient reason for holding the tax deed invalid.

There are still other apparently insuperable objections to said deed disclosed by the record, but we shall not stop to discuss them. Moreover, the redemption having been allowed and made, and record thereof having been duly entered upon the books of both auditor and treasurer, even though such redemption was improvidently permitted or was made, under circumstances upon which a court of equity would hold it invalid or ineffective, there is very grave doubt whether the treasurer had any right or authority to ignore it and issue a deed as if no redemption had been made, but this question not having been argued by counsel, we shall not undertake to decide it. See *Burchardt v. Scofield*, 141 Iowa, 336.

We have sufficiently indicated our view that the decree of the district court is correct, and it is *affirmed*.

EVANS, J., taking no part.