GRACE ANN GEIL et al., Appellees, v. ARTIE M. BABB et al., Appellants.

No. 41181.

264

April 5, 1932.

George Harnagel and Wilson & Harris, for appellees.

Graham & Graham, for appellants.

De Graff, J.—The facts disclose that on December 1, 1924, the parcels of real estate involved herein were sold by the Treasurer of Greene County, Iowa, for the delinquent and unpaid tax against the same for the year 1923 to one Walter Babb. Eight separate tracts had been sold for taxes, and there issued to the

purchaser Walter Babb certificates of purchase to the respective tracts. One Arthur A. Geil was the owner of said parcels of real estate at the time the said taxes were levied, and continued to be the legal owner until November 25, 1929, when he conveyed by quitclaim the land in question to the plaintiffs herein, Grace Anna Geil, his wife, and Robert T. Geil, his son. The tax sale purchaser, Walter Babb, died, and the instant defendants are his wife, Artie M. Babb, and his heirs at law and their respective spouses.

It further appears that on September 24, 1927, affidavits, made by one W. M. Osborn, were filed in the office of the Treasurer of Greene County purporting to show Service of Notice of Expiration of the Right of Redemption from said tax sales on the tenants in possession of said real estate, and the person in whose name the same were taxed. Thereafter, on December 24, 1927, the County Treasurer issued to said Walter Babb tax sale deeds purporting to convey to him the parcels of real estate involved and as described in plaintiff's petition. The tax sale certificates, affidavits, and deeds correctly describe the eight parcels of real estate, subject to said sales and deeds, with the exception of a one and one-half-acre tract which the plaintiff-appellees claim to be incorrectly and vaguely described. The contention of the appellees, subject to the contrary claim of defendant-appellants, is that each of the affidavits of W. M. Osborn purporting to show Service of Notice of Expiration of Right of Redemption from the tax sales is insufficient and incomplete under the statutory provisions governing the instant matter.

We first turn to the statute relative to the matter in question, which is found in Chapter 348, captioned "Tax Redemption." Section 7282 of said chapter reads as follows:

"Service shall be complete only after an affidavit has been filed with the treasurer, showing the making of the service, the manner thereof, the time when and place where made, and under whose direction the same was made; such affidavit to be made by the holder of the certificate or by his agent or attorney, and in either of the latter cases stating that such affiant is the agent or attorney, as the case may be, of the holder of such certificate; which affidavit shall be filed by the treasurer and entered upon

the sale book opposite the entry of the sale, and said record or affidavit shall be presumptive evidence of the completed service of said notice, and the right of redemption shall not expire until ninety days after service is complete.''

In the instant case the affidavit of completed Service of Notice of Expiration of Right of Redemption is as follows:

''State of Iowa, Greene County, ss:

''I, W. M. Osborn, being first duly sworn on oath depose and say that I am the attorney for Walter Babb, the holder of certificate of purchase at tax sale No. 40, issued December 1st, 1924, and under directions of the said Walter Babb; I caused notice to be served, personally upon Alfred Sitterlee and Mrs. Alfred Sitterlee, the parties in possession of the following described real estate, to wit: (Real estate described) as shown from return hereto attached, marked Exhibit A and made a part hereof; that Arthur A. Geil, the party in whose name the property herein described is taxed, is a non-resident of said county, and I caused service to be had upon him by publication in the Jefferson Herald as shown from affidavit of publication of Thos. A. Brown, publisher, hereto attached, marked Exhibit B and made a part hereof; that personal service was had upon Alfred Sitterlee and Mrs. Alfred Sitterlee, at their residence in Grant Township, Greene County, Iowa, on the 21st day of September, 1927; that service by publication was had upon Arthur A. Geil by publication in the Jefferson Herald in the issues of September 8th, 15th and 22nd, 1927; that all of said service was made in compliance with Sections 7279, 7280, 7281 and 7282, Code, 1924, and that the costs of said service have been paid by the said Walter Babb and the same is in the sum of $9.75. (Duly verified.)

''W. M. Osborn.''

The said notice of service was made by the Sheriff of Greene County, Foss Davis, and the return of said service was made by said Sheriff.

It may be observed that under the statutory provisions heretofore quoted the affidavit of Service of Notice of Expiration of Right of Redemption from tax sale is required by the statute to be filed in the office of the County Treasurer, and provides that

said affidavit shall state under whose direction the service was made. If said affidavit of service is incomplete and insufficient, the right of redemption is not cut off thereby and no valid deed can be issued by the County Treasurer pursuant thereto. Grimes v. Ellyson, 130 Iowa 286; Peterson v. Wallace, 140 Iowa 22; Wood v. Yearous, 159 Iowa 211; Fidelity Investment Co. v. White, 208 Iowa 519.

Section 7283, Code, 1927, further provides that the County Treasurer shall report the filing in his office of the Affidavit of Service of Notice of Expiration of Right of Redemption to the County Auditor. It follows, therefore, that if the required entry is not made on the auditor's sale book, the right to redeem from the tax sale is not cut off. The county treasurer failed to respect this statutory requirement. See Ashenfelter v. Seiling, 141 Iowa 512.

This court has also held that when the description of the real estate in a tax deed is so vague and indefinite that it cannot be identified or located by such description, such tax deed is void. The description of the one and one-half acre tract involved herein was vague and so indefinite that it could not be identified by the description in the tax deed. See Roberts v. Deeds, 57 Iowa 320; Wood v. Yearous, 159 Iowa 211.

It must be borne in mind that the instant case is an equitable action commenced under Section 7278, Code, 1927, and is, therefore, triable *de novo,* and this court may properly consider and determine each and every issue raised in the trial court. The trial Judge, however, in his written opinion stated that only one ground of attack upon the tax deeds was necessary to be considered. If he had entirely ignored all other grounds and issues, his holding would not have precluded this court from giving them due consideration. It is the rule in an equity case that the appellate court will sift the evidence and determine what the findings of the trial court should have been upon the evidence which was competent and proper. 4 C. J. p. 726, Sec. 2647. The trial court in his findings said:

"One of the statutory requirements, which is jurisdictional, is that this affidavit state under whose direction the making of service and manner thereof was made. In each of these affidavits it is shown that the personal service of the notice on the parties

in possession of the real estate was made under the direction of Walter Babb, but there is an entire failure to state under whose direction the service was made on the non-residents of the county by publication. Our Court has held that this affidavit showing this matter must be explicit; it cannot be aided by parol, and no presumptions may be indulged in its construction that are not based on definite and explicit recitation of facts. Under the law in these cases this affidavit must be strictly construed and nothing may be read into it that does not plainly appear therein.''

The legal principle so announced by the trial court is correct.

■ We deem it necessary only to consider and determine the proposition in this particular, to wit: that if the service is made by someone other than the holder of the certificate of purchase, the affidavit should state that the person who made the service was the agent or attorney, as the case may be, of such certificate holder. The affidavit in question of Osborn recited that he caused notice to be served personally on the tenants in possession, to wit, Alfred Sitterlee and wife; but as he did not make the service himself, this statement was not sufficient without further showing that Foss Davis, who made the service, was the agent or attorney of the tax purchaser Babb. The statute heretofore quoted and the decisions of this court provide and require that such affidavit must be made by the holder of the certificate, his agent, or attorney, and service must be made in that capacity and must be shown by the affidavit. In Ellsworth v. Van Ort, 67 Iowa 222, the notice was served by the Sheriff, who endorsed a return thereon showing the date of the service and the manner in which it was made; but it failed to show that the sheriff was the agent or attorney of the certificate holder. In opinion this court said:

''It is not contemplated that any other return of the service shall be made, and as it is required to be made by the holder of the certificate, his agent or attorney, it is equally clear that the service can be made only by such holder, his agent or attorney. When the treasurer executed the deed in question, then, he had no competent evidence on file in his office that the notice had been served, and in the absence of such evidence we think he had no authority to execute the deed.''

This case was followed and approved in Stevens v. Murphy, 91 Iowa 356, and in Funson v. Bradt, 105 Iowa 471. Neither of the above cases has been overruled by this court. In the Stevens case, supra, it was held that a tax deed issued upon a return of service of notice to redeem from tax sale, which is not verified by the certificate holder or his agent or attorney, and when the County Treasurer has no evidence on file to show that the party making the service is such holder or his agent or attorney, is void. In that opinion it is said:

"It should be noticed that nothing in the notice or return shows, in any way, that Lorack was an agent or attorney for Novak. No question is made as to the fact of service of the notice, but merely as to the sufficiency of the return thereto. * * * All of these facts are essential to vest the treasurer with authority to execute a deed, and the manner of the proof of the facts to give such authority, is prescribed by statute. The deed in this case did not issue upon any showing that the service was made by an agent or attorney. The treasurer could no more assume such a fact than he could other important facts required to appear in the return."

We conclude, therefore, under the facts in this case and under the law applicable thereto, that the right of redemption from the tax sales in question had not expired, and the tax sale deeds should be cancelled and set aside.

The decree entered by the trial court is therefore—Affirmed.

WAGNER, C. J., and FAVILLE, STEVENS, and ALBERT, JJ., concur.