Floyd Cakerice, Plaintiff, and Marshall County, Defendant, Appellees, v. A. C. Reiss et al., Defendants, Cross-petitioners, Intervenors, Appellants.

No. 45424.

April 8, 1941.

Boardman & Cartwright and John L. Mowry, for appellee.

W. T. Bennett and C. H. Van Law, for appellants.

Oliver, J.—On July 8, 1935, Marshall County, Iowa, bid in at scavenger tax sale a residence lot in Marshalltown, and subsequently secured tax deed thereunder. Thereafter the county conveyed the lot to plaintiff, Floyd Cakerice, who later brought this action in equity to quiet title thereto against the former title-holder and certain lienholders. Trial resulted in decree for plaintiff and defendants appeal, attacking the validity of the tax sale and tax deed upon two grounds.

I. The annual tax sale had been originally set for December 3, 1934, and had been adjourned to July 8, 1935, by successive adjournments. Section 7259, Code of 1939, provides:

"* * * the treasurer shall adjourn the sale to some day not exceeding two months from adjournment, * * *. Further adjournment shall be made from time to time, not exceeding two months, and the sales thus continued until the next regular annual sale * * *."

Appellants contend that the last adjournment previous to July 8th was on May 6th, more than two months prior thereto. At the trial it was stipulated that the treasurer's record showed this adjournment from May 6th to July 8th subject to objection by appellee that it was irrelevant and was incompetent to overcome the statutory presumptions which follow upon the issuance of a tax deed and are a part of the title passed thereby. Appellants contend the record as thus made shows the adjournment to have been for more than two months; that the statutory limitation

is mandatory and jurisdictional and, therefore, that the tax sale was void.

Appellee placed in evidence the tax deed, which was substantially in the form provided by Code section 7285 and had been properly executed and recorded. It recites that the tax sale of the property was "in substantial conformity with all the requisitions of the statute." There was no proof or charge of fraud in connection with the sale of the property for taxes, or that it was not a bona fide public sale. In this state of the record the tax deed is conclusive evidence that the manner in which the sale was conducted was in all respects as the law directed. Code section 7288.

"The written memorandum of the adjournments of the sale kept by the treasurer is not authorized or required by the law, and * * *, it is clearly incompetent to overthrow the presumption of regularity raised by the deed. * * * As the adjournments pertained to the *time* of the sale, which is not a jurisdictional matter, the deed is conclusive evidence of compliance with the law in that respect * * *." Clark v. Thompson, 37 Iowa 536, 541.

Other cases citing the Clark case and holding the tax deed is conclusive evidence that the sale was had at a time authorized by law are Slocum v. Slocum, 70 Iowa 259, 30 N. W. 562; Shawler v. Johnson, 52 Iowa 473, 3 N. W. 604; Phelps v. Meade, 41 Iowa 470. See also Callanan v. Hurley, 93 U. S. 387, 23 L. Ed. 931; Leavitt v. Watson, 37 Iowa 93; Sibley v. Bullis, 40 Iowa 429; Ware v. Little, 35 Iowa 234; Jordan v. Beeson, 225 Iowa 460, 280 N. W. 625.

In Chandler v. Keeler, 46 Iowa 596, cited by appellants, there was a charge of fraud and collusion and that the tax sale was private and not public. This case was distinguished in Slocum v. Slocum, supra, on the ground that the sale was private and not public. Private sales are regarded as fraudulent. See Butler v. Delano, 42 Iowa 350. Cases of this character are exceptions to the general rule that the tax deed is conclusive evidence of certain matters, because under the statute, now Code section 7292, fraud renders the deed void and such fraud may be established by other evidence.

II. Code section 7276 provides:

"The auditor shall, upon application of any party to redeem real estate sold for taxes, and being satisfied that he has a right to redeem the same upon the payment of the proper amount, issue to such party a certificate of redemption, setting forth the facts of the sale substantially as contained in the certificate thereof, the date of the redemption, the amount paid, and by whom redeemed, and make the proper entries in the book of sales in his office, * * *."

Code section 7276.1 provides said entries by the auditor shall be made in ink, and prohibits erasures.

Appellants contend the required entries in the auditor's record of tax sales, relative to this real estate were not all made in ink, and, therefore, that the tax deed is void.

Huiskamp v. Breen, 220 Iowa 29, 260 N. W. 70, is cited as supporting this contention. Appellee contends the only entries required to be kept in ink are those which pertain to the fact of redemption, in case redemption is made. We need not consider this contention. The record here shows that all entries required under other Code sections as well as section 7276 were made in ink. These include, among other things, in separate columns, the amount of each kind of tax, interest and costs, that the whole parcel was sold to Marshall County, and the date thereof, the amounts, kinds and dates of taxes subsequently paid by the certificate holder (Marshall County), the date of filing proof of service of the notice, the costs thereby incurred and the date of the deed to the County.

The figures complained of, which were made in pencil, were only computations of totals by the addition and subtraction of some of the entries made in ink. They were not part of the record itself but merely memoranda which had been afterwards noted there for convenience of the auditor in connection with inquiries relative to the tax sale. Their removal or change would not alter the record or render it incomplete. We think it clear the entries in the auditor's record required to be in ink were so made.

III. Rule 24 provides that appellee, if he has the burden of proof, shall open and close the argument but may waive said right and shall be deemed to have done so if he fails to serve

and file his brief at least 40 days before the day assigned for hearing. In this case appellee did serve and file his brief more than 40 days before the day assigned for the hearing. However, appellants had previously filed their first brief and argument, and later filed a reply brief. Appellee has moved that appellants' first brief be stricken as filed contrary to Rule 24. The motion is sustained.

A party has the burden of proof where, if no evidence is introduced on either side, he should not prevail. Veiths v. Hagge, 8 Iowa 163. That at later stages of the case opposition parties may have the burden of going forward with the proof does not alter the rule. Application of this test to the case brought by plaintiff-appellee leads us to conclude he had the burden of proof and was entitled to open and close the argument.

Upon the merits of the case, our conclusions heretofore stated require an affirmance of the decree.—Affirmed.

HALE, C. J., and MITCHELL, STIGER, BLISS, MILLER, and GARFIELD, JJ., concur.