ROBERT HOTZ, Administrator, Appellee, v. PAGE COUNTY et al., Appellees; STELLA M. SMITH, Appellant.

No. 46551.

NOVEMBER 14, 1944.

REHEARING DENIED JANUARY 13, 1945.

Keenan & Clovis, of Shenandoah, for appellant.

Nichols & Nichols, of Sidney, Hotz & Hotz, of Omaha, Nebraska, and Henry Read, of Shenandoah, for appellees.

OLIVER, J.—Appellee's asserted right of redemption is based upon various alleged defects and omissions in the proceedings to terminate such right. Of said propositions we need consider but one.

I. Section 7283, Code of Iowa, 1939, provides that the county treasurer, upon the filing with him of the affidavit of service of notice of the expiration of right of redemption from tax sale, shall forthwith report the same in writing to the auditor, who shall enter it on the sale book against the proper tract of real estate. In this case the treasurer made no such report to the auditor and it was not entered on the sale book in the auditor's office.

Ashenfelter v. Seiling, 141 Iowa 512, 516, 517, 119 N. W. 984, 985, states:

"The purpose of this latter proposition is quite apparent. The auditor is the officer, and the only officer, authorized to permit or receive redemptions made from tax sales. It is he to whom the landowner desiring to redeem must apply to ascertain the amount required to redeem, and to his records he must look to determine whether the apparent right to redeem exists. It is therefore a matter of vital importance that the officer upon whom this power and duty are imposed shall know, and that his books shall disclose, at what time the period of redemption will expire. * * *

"It is, as we have already seen, the duty of the treasurer on receiving such proof to act at once, forthwith, in order that the auditor shall be promptly advised of the time when the right of redemption will expire. This is as much a part of the treasurer's duty as it is to receive and make entry of the proof of service on the proper owner. *It is not merely directory; it is mandatory.* [Italics supplied.]

"The right and authority of the State to seize and sell

valuable property for the payment of a relatively small tax, while necessary, is often so oppressive in its results that we are bound to construe the right of redemption with all reasonable liberality, and hold the person who seeks to foreclose it to very substantial compliance with all of the provisions which have been enacted for its protection."

Geil v. Babb, 214 Iowa 263, 267, 242 N. W. 34, 36, states:

"It follows, therefore, that if the required entry is not made on the auditor's sale book, the right to redeem from the tax sale is not cut off."

In Huiskamp v. Breen, 220 Iowa 29, 32, 260 N. W. 70, 72, such entries in the auditor's books were not made in ink as required by Code section 7276.1. On this account the court held the right of redemption was not cut off, stating:

"The statute requiring that the entry be made in ink is not directory, hence, not being directory, it is mandatory that the record be kept as provided by the statute. In Geil v. Babb, the effect of this case is that these requirements of the statute are jurisdictional in order for the treasurer to issue a deed."

Appellant contends subsection 3 of Code section 7288 makes the tax deed conclusive evidence that the treasurer made the report to the auditor and that it was entered on the auditor's sale book. Her counsel suggest the three decisions above cited are not in point because it does not appear that the tax deeds were introduced in evidence in said cases or that Code section 7288 was considered. An examination of the original abstracts and briefs in those cases discloses the tax deed was in evidence in each case and that in at least one of them (Geil v. Babb, supra) Code section 7288 was directly brought to the attention of the court.

Appellant argues that under McCready v. Sexton & Son, 29 Iowa 356, 4 Am. Rep. 214, and like cases, the legislature had the power to make the tax deed conclusive evidence of said matters because they are nonessential or merely directory. The answer to this argument is that the provisions here involved are not "merely directory." The cases from which we have quoted hold the requirements of Code sections 7283 and 7276.1 are not

directory but mandatory and are jurisdictional in order for the treasurer to issue a deed. We are not disposed to overrule these decisions. Accordingly, we concur in the holding of the trial court that the right of redemption from the tax sale was not cut off.

II. In his petition, and also during the trial, appellee tendered the amount necessary to make redemption from said tax sale. This was a sufficient tender of payment in this equitable action. Fidelity Inv. Co. v. White, 208 Iowa 519, 526, 223 N. W. 884, 225 N. W. 868; Jordan v. Beeson, 225 Iowa 460, 466, 280 N. W. 625.

III. The real estate is a residential property. Page County secured the tax deed in 1937 and conveyed the property to appellee Read, who conveyed it to appellees Rydberg. February 1, 1938, the Rydbergs contracted to sell it to appellant. Appellant has paid the Rydbergs interest amounting to $350, and has also paid certain taxes and insurance on the property. She was in possession of the property prior to the date of the tax deed and has continued to occupy it. No rent has been paid appellee since the tax deed issued.

In the accounting appellant was charged $25 per month for the use of the premises from the date of the tax deed to the date of the decree, and was credited with the foregoing payments of taxes, interest, and insurance. The resulting balance of $1,127.32 due from appellant to appellee, administrator of the estate of Lulu Suter, was ordered credited on a claim growing out of another matter which appellant had previously established against said estate. The amount appellee was required to pay the Rydbergs to make redemption was reduced by $350 to $776.40 on account of the payments received by them from appellant.

Appellant contends this $350 item should not have been included in the accounting between the parties, that appellee should have been required to pay the Rydbergs $1,126.40 to redeem, and that the Rydbergs should have been required to repay the $350 to appellant.

Appellant's total disbursements in the transaction consisted of payments of taxes and insurance and this $350. Though she owed more than this for rent, she asks that appellee be

required to pay an additional $350 for her benefit (thereby increasing her debt in this matter) because of appellee's indebtedness to her in an entirely different matter.

This is an equitable action under Code section 7278, which provides that all persons claiming an interest in the land shall be made defendants and the court shall determine the rights, claims, and interests of the several parties. It is not the purpose of such actions to settle and adjust all accounts between the parties. Nor should the right of redemption be conditioned upon the payment of obligations other than those properly involved in the action.

It is our conclusion that the trial court rightly included in the accounting the $350 paid the Rydbergs by appellant on her contract to purchase the interest claimed by her in the property involved in such accounting, and the decree correctly adjudged that the amount appellee was required to pay the Rydbergs to make redemption should be reduced accordingly.—Affirmed.

MANTZ, C. J., and HALE, BLISS, SMITH, GARFIELD, MILLER, and WENNERSTRUM, JJ., concur.

MULRONEY, J., dissents.

MULRONEY, J. (dissenting)—I respectfully dissent.

I. For a long time the legislature of this state has been endeavoring to make a tax deed, regular on its face, unassailable for procedural defects which do not relate to essential prerequisites. Section 7287, Code of 1939, makes a tax deed presumptive evidence that the property was subject to taxation, that the taxes were not paid, that there had been no redemption, that the property had been listed and assessed, that the taxes were levied, that the property was duly advertised for sale, and that the property was sold for taxes as stated in the deed. Section 7288 makes a tax deed conclusive evidence that the listing, assessment, levy, notice and sale were all conducted as by law directed, that the grantee was the purchaser, and states, in paragraph 3:

"That all the prerequisites of the law were complied with by all the officers who had, or whose duty it was to have had, any part or action in any transaction relating to or affecting

the title conveyed or purporting to be conveyed by the deed, from the listing and valuation of the property up to the execution of the deed, both inclusive, and that all things whatsoever required by law to make a good and valid sale and to vest the title in the purchaser were done, except in regard to the points named in section 7287 wherein the deed shall be presumptive evidence only.''

These statutes have had an interesting history. Some of the provisions in the presumptive statute were, in earlier Codes, contained in the conclusive statute. See section 784, Revision of 1860; section 897, Code of 1873. Changes in the statutes occurred after interpretive decisions of this court. Without delving deeply into this history, I merely wish to point out the governing principle that should, I feel, guide our interpretation and application of these statutes. The principles are well stated in the opinions in Allen v. Armstrong, 16 Iowa 508, 513, and McCready v. Sexton & Son, 29 Iowa 356, 4 Am. Rep. 214. In the Allen case we pointed out that the state's taxing power carried with it the power to take property in default of taxes and to enact laws to make minor matters ''in regard to the *mode* or *manner* of exercising the power which may be dispensed with * * * presumed from certain evidence, or certain other facts.'' And we further stated:

''We state the principle which must be legally and logically true, in this wise: If any given step or matter in the exercise of the power to tax (as for example the fact of a levy by the proper authority), is so indispensable, that without its performance no tax can be raised; then *that* step or matter, whatever it may be, cannot be dispensed with, and with respect to that the owner cannot be *concluded* from showing the truth, by a mere legislative declaration to that effect.''

It seems to me that our question here is to determine whether the report provided in section 7287 is ''so indispensable'' that it ''cannot be dispensed with'' and the owner ''cannot be concluded from showing the truth.'' If it is not an indispensable step, then quite clearly, it is within the provisions of paragraph 3 of section 7288. The duty imposed by section 7287 is that:

"The treasurer shall, upon the filing of proof of service and statement of costs, forthwith report the same in writing to the auditor, who shall enter it on the sale book against the proper tract of real estate."

It seems to me that such a report of service made and costs incurred should not be made essential to the validity of the deed. The report would be a necessary step to enable a proper redemption, for otherwise the auditor would not know the amount of costs necessary for redemption. We have no situation here such as the one that confronted the court in Ashenfelter v. Seiling, 141 Iowa 512, 119 N. W. 984, the first case cited in the majority opinion. There no notice was served upon the party occupying the premises, and no report or statement of service of any notice was given by the treasurer to the auditor. Certain lienholders went to the auditor's office and redeemed, "receiving the usual certificate of redemption." The next day the holder of the tax certificate demanded a deed and the treasurer executed and delivered it to him. Of course, the deed is never conclusive evidence "That the real property conveyed had not been redeemed from the sale at the date of the deed." Section 7287(3), Code of 1939.

The court did not hold that a person duly served with notice of expiration of redemption could redeem after tax deed had issued, after the redemptionary period, because of the treasurer's failure to report to the auditor. The court held that a valid redemption had been made before the deed issued, stating, at page 516 of 141 Iowa, page 985 of 119 N. W.:

"* * * the statute makes it the duty of the treasurer, when return of service of notice is made to him, to forthwith make written report thereof to the auditor, and we think it follows of necessity that until this is done the auditor is justified in assuming that the right of redemption has not expired, and may rightfully receive redemption at the hands of the owner or lienholder; at least from such redemptioners as have not been personally served with notice in due time."

But this opinion was cited in the two later cases, Geil v. Babb, 214 Iowa 263, 242 N. W. 34, and Huiskamp v. Breen,

220 Iowa 29, 32, 260 N. W. 70, 72, as authority for the rule that a tax deed issued without the treasurer's report to the auditor is invalid and the right to redeem is not cut off. There is not much discussion about it in Geil v. Babb, supra, and in both cases other statutes were involved. In the Huiskamp case there is a quotation from the Ashenfelter case and an announcement that in Geil v. Babb we held that compliance with section 7283 is "jurisdictional in order for the treasurer to issue a deed."

The statements in these later cases all stem from language in the Ashenfelter opinion. I think the foundation does not support such statements and a reasonable interpretation of the two statutes should compel their repudiation. The redemptioners were served with notice of the expiration of the period of redemption. They were not harmed by the failure of one county official to report to another county official concerning the costs or even the expiration date.

Section 7288 is in the nature of a legalizing act. The purpose is clear. It is to make a tax deed valid and conclusive as to prior proceedings in the steps between property assessment and property transfer for nonpayment of the tax. True, as was said in the Ashenfelter case, this report was one of the duties of the officers. Indeed, we there called it a mandatory duty (as to the treasurer) but this does not mean it was an essential step between assessment and sale. Would this court hold that if this law had never been passed there could be no valid sale for taxes? I think not.

II. The majority opinion is based upon the conclusion that the treasurer did not make the report required under section 7283, Code of 1939, and it was not entered on the sale book in the auditor's office. The treasurer did not testify. When the auditor was asked if the treasurer "gave a written notice of the filing of the proof of service and the statement of costs to the county auditor," he stated, "There was none filed in my office." A page of the auditor's sale book was introduced in evidence showing items of cost of serving notice entered in the book with respect to this property and the auditor testified such items came from the treasurer's office. He stated he had the record of cost of serving the notice before the tax deed was issued. The record also showed the tax deed was issued on October 26, 1937.

The very fact that the record showed the cost of serving the notice would prove that the auditor received some information by way of report or otherwise from the treasurer's office.

It seems to me that the record here indicates the wisdom of the legislative provision making the tax deed conclusive proof of the performance of duties by the county officials, or paragraph 3 of section 7288, Code of 1939. Section 7283 is somewhat vague. The treasurer is told to "forthwith report." What is he to report? He is to report "the same," referring back to the "proof of service and statement of costs." Then the auditor is to enter "it" on the sale book against the real estate. Is he to enter the treasurer's written report? Is he to enter the costs and the proof of service which the report shows? It seems to me perfectly obvious that the statute was enacted for the benefit of the certificate holder to enable him to recover the costs he had incurred in the event there is redemption after he has had the notice served but before the expiration of the ninety days. This is manifest by the succeeding sentences of the statute (7283), providing:

"The holder of the certificate of sale or his agent may report in writing to the county auditor the amount of costs incurred in giving such notice, and the auditor shall enter the same in the sale book. No redemption shall be complete until such costs are paid."

It would seem that the certificate holder could give the same report if the treasurer failed. The important thing that is stressed in the statute is "the costs." There is no evidence here that the certificate holder did not report in writing. Here the auditor did enter the costs, which item came from the treasurer's office. I think it illogical to hold that the owner can argue that there was not strict compliance with a statute enacted for the benefit of the certificate holder, and thus upset a tax deed which is presumed to be conclusive upon the matters set forth in section 7288.

I would reverse.