DAVID L. WHITE et al., appellants, v. KENNETH L. MOON and LINN COUNTY, appellees.

No. 51195.

(Reported in 127 N.W.2d 578)

J. J. Locher, Jr., of Barnes, Wadsworth, Elderkin, Locher & Pirnie, of Cedar Rapids, for appellants.

Kenneth L. Moon, of Cedar Rapids, for appellee Kenneth L. Moon.

STUART, J.—Plaintiffs brought this action in equity to set aside a tax deed and restore their rights of redemption in a residence in Cedar Rapids. Leona Bellon sold the property on contract to the Whites in whose name it was assessed. They also were in possession. The taxes were not paid and the property was sold at tax sale to Moon, who will be referred to as defendant. He personally served the "Notice of Expiration of Right of Redemption and for Taking Tax Deed" upon the Whites. No notice was given Mrs. Bellon. Defendant filed the affidavit required by section 447.12 and the statement of costs referred to in section 447.13. The treasurer reported these matters to the auditor who entered them upon the sale book. No effort was made to redeem the property and a tax deed was issued to defendant. The trial court refused to set the deed aside and plaintiffs have appealed.

I. Plaintiffs claim the notice of expiration was not served "upon the person in whose name the same is taxed" as required by section 447.9 of the Code. The property was assessed to "White, David L. and Shirley" and the notice was addressed to "David L. and Shirley White". We do not agree that the simple transposition of given and surnames makes the notice fatally defective. It is a common practice to list the surname of

472

a person first in an alphabetical index. It makes it easier to locate names and provides a more efficient and orderly record. In addressing communications or notices, the more usual order is generally observed. These practices are so commonplace that they do not create confusion or raise any doubt as to identity. Cases cited by plaintiffs have variations in the names. There is no variation in the names created by this transposition and there is no merit in plaintiffs' contention.

■ II. Plaintiffs claim the statement of costs filed with the treasurer by defendant and reported by the treasurer to the auditor contained unauthorized and excessive charges and that the act of the auditor in placing these charges on the sale book violated a jurisdictional requirement of section 447.13 invalidating the tax deed. The statement of costs, which totaled $12.58, included charges for serving the notice, which was done by defendant personally, and a charge of $7.50 for "examining record". We need not consider the propriety of a charge for defendant's services in his own behalf as the charge for "examining record" is clearly not authorized by section 447.13. We, therefore, come to the question of the effect of the auditor's act of entering an unauthorized charge on the sale book upon the validity of the tax deed.

■ We are not persuaded by plaintiffs' argument that the proceedings should be vitiated because these charges "placed an arbitrary, illegal and unauthorized burden on the plaintiffs" to redeem and constituted an unjust and illegal penalty. The record is clear that no effort was made to redeem the property. It does not indicate that plaintiffs knew of the charges. There is no showing that the failure to redeem was in anyway caused by or connected with the charges entered upon the sale book. Plaintiffs were in no way penalized if the failure to redeem was not influenced by the charges. While not directly in point see Ellsworth v. Cordrey, 63 Iowa 675, 16 N.W. 211, and annotation, 107 A. L. R. 573.

■ However, the authorities cited by plaintiffs require our attention and discussion. Ashenfelter v. Seiling, 141 Iowa 512, 119 N.W. 984; Geil v. Babb, 214 Iowa 263, 242 N.W. 34; Huiskamp v. Breen, 220 Iowa 29, 260 N.W. 70; Hotz v. Page County,

235 Iowa 585, 16 N.W.2d 240, hold the requirements contained in section 447.13 of the Code that the treasurer report the filing of the proof of service and statement of costs to the auditor and that the auditor enter them upon the sale book are mandatory, and the right of redemption does not expire and the treasurer is without jurisdiction to issue a tax deed if these provisions are not complied with. These acts were done here, but the Huiskamp opinion goes further and holds section 447.6 requiring entries to be made in ink is mandatory and notation of costs in pencil is a jurisdictional defect rendering a tax deed void.

There is a distinction between this case and those in which there was a complete failure to report the filing of the proof of service or the statement of costs, but we cannot hold in the Huiskamp case that a deed is invalid because the auditor entered the costs in pencil and hold here that a deed is valid even though the costs entered were not authorized. We must therefore review the law and the Huiskamp case to determine if it is a correct statement of the law.

Since early in Iowa history we have had a statute which contains substantially the same provisions as section 448.5 of the Code, which provides:

"Conclusive evidence. The deed [tax deed] shall be conclusive evidence of the following facts:

"1. That the manner in which the listing, assessment, levy, notice and sale were conducted was in all respects as the law directed.

"2. That the grantee named in the deed was the purchaser.

"3. That all the prerequisites of the law were complied with by all the officers who had, or whose duty it was to have had, any part or action in any transaction relating to or affecting the title conveyed or purporting to be conveyed by the deed, from the listing and valuation of the property up to the execution of the deed, both inclusive, and that all things whatsoever required by law to make a good and valid sale and to vest the title in the purchaser were done, except in regard to the points named in section 448.4 wherein the deed shall be presumptive evidence only."

The language was almost identical at the time of the Huiskamp decision but it is not discussed in the opinion.

The first case in which a statute of this nature appears to have been discussed by the Iowa court is Allen v. Armstrong, 16 Iowa 508, in which we state at pages 513, 514: "We state the principle which must be legally and logically true, in this wise: If any given step or matter in the exercise of the power to tax (as for example the fact of a levy by the proper authority), is so indispensable, that without its performance no tax can be raised; then that step or matter, whatever it may be, cannot be dispensed with, and with respect to that the owner cannot be concluded from showing the truth, by a mere legislative declaration to that effect."

This dictum was confirmed in McCready v. Sexton & Son, 29 Iowa 356, 389, 390, 4 Am. Rep. 214, in which we said:

"The legislature may prescribe the time or manner in which these essential and jurisdictional acts shall be done, but it cannot, either constitutionally or in the nature of things, provide for passing the title to property for the non-payment of taxes without them. As to the time or manner in which they shall be done, the discretion of the legislature is absolute and supreme, and cannot be judicially controlled or interfered with. Having the right to prescribe the manner, it may also rightfully provide that a failure to comply with its directions as to the manner shall not defeat the end; or that no person shall question the legality of the manner; or that any subsequent act or fact shall be either prima facie or conclusive evidence that the law as to time or manner was complied with. In other words, the legislature, being supreme, may prescribe the time and manner of doing the act, and may make that, or any other time or manner which the persons doing it may adopt, legal and sufficient. But this power of the legislature extends only to those things over which it is supreme. As to the essential and jurisdictional facts, so to speak, which the legislature cannot annul or change, it cannot excuse the non-performance of them, and, of course, cannot make the doing of any other thing a substitute for them or conclusive evidence of their being done. To restate the proposition succinctly:

Whatever the legislature is at liberty to authorize or not, it may waive or estop denial; but not so as to that which it must require.

"It follows, therefore, upon principle, that it is not competent for the legislature to make the tax deed conclusive evidence of a compliance with the essential prerequisites we have above named. That such an enactment is in conflict with the constitutional provision above quoted. That it deprives a man of his property without due process of law."

The opinion concludes on page 397 of 29 Iowa, "upon principle as well as upon precedent and authority, that the legislature does not possess the power to declare the tax deed to be conclusive evidence of compliance with those matters which are *essential* to the exercise of the taxing power. But as to the *non-essentials or matters merely directory,* such power may exist, and the deed become conclusive of their due performance."

There has been no departure from this general principle although later cases substitute "mandatory" for "essential". The question is, what requirements are "mandatory" and what are "directory". The Huiskamp case held the use of ink in making the entries to be as mandatory. We now believe this to be error. It is nothing more than a legislative direction as to the manner of performing an act. It would seem to be the very type of irregularity which section 448.5 was intended to cure by making the deed conclusive. No requirements essential to the taxing power were effected by the fact that a notation was in pencil rather than ink, nor did this fact violate the taxpayer's constitutional rights to due process of law. These figures would become important only in the event a redemption was made and in the absence of a showing an attempt to redeem was frustrated by noncompliance with such statute, the tax deed should not be held invalid. The same reasoning applies to the act of the auditor in entering unauthorized costs as is claimed in the instant case.

In none of the cases cited by plaintiffs is the applicable statute making the tax deed conclusive in certain respects discussed, although in Hotz v. Page County, supra, we state that it was brought to the court's attention in Geil v. Babb, supra. In the Hotz case the majority opinion does not discuss the statute but follows the prior cases holding the duty to report the proof of

service and statement of the costs to the auditor mandatory. See the dissenting opinion by Mulroney, J., which does review the cases and the statute. We are not here, however, compelled to, nor do we, overrule, the Hotz case nor any of the others cited by plaintiff except the Huiskamp case.

There are many cases which hold the tax deed is conclusive evidence that all of the prerequisites of the law were complied with by the officers prior to its issuance and various errors or omissions have been held to be only irregularities and not jurisdictional including: failure to return the certificate of purchase to the treasurer, Bennett v. Bowers, 238 Iowa 702, 710, 28 N.W.2d 618, and Hall v. Wallace, 229 Iowa 171, 294 N.W. 283; purchase at an adjourned sale which was held more than two months after the preceding sale, Cakerice v. Reiss, 230 Iowa 169, 297 N.W. 305; land assessed as quarters but sold in eighths, Bulkley v. Callanan, 32 Iowa 461. Other cases reaffirming the statement are Leavitt v. Watson, 37 Iowa 93; Martin v. Cole, 38 Iowa 141; Jeffrey v. Brokaw, 35 Iowa 505; Phelps v. Meade, 41 Iowa 470, and Farmers Loan & Trust Co. v. Wall, 129 Iowa 651, 106 N.W. 160.

We now hold the notation of unauthorized costs is not a jurisdictional defect which invalidates the deed.

The practical effect on tax titles of a holding invalidating a tax deed for the reasons urged here should be mentioned. It would be virtually impossible for a title examiner to approve any tax titles before one of the statutes of limitation had run. The auditor would be called upon to make a legal decision on the propriety of the costs, and a purchaser of a property from one who held title by a tax deed would never know if the proper costs were entered. The alienability of properties so held could be greatly restricted.

III. Mrs. Bellon argues that she, as a contract vendor, held legal title to the premises for security purposes and was therefore entitled to notice under section 447.9 of the Code which provides in part: "Service of such notice shall also be made by certified mail on any mortgagee * * * if his address is disclosed by the recorded instrument or by a certificate showing the address of the mortgagee * * * duly filed with the recorder * * *."

There is merit in her contention that she as contract vendor should be considered as a mortgagee for this purpose. We doubt if due process of law would be observed by any other holding. However, Mrs. Bellon has failed to bring herself within the notice provision for mortgagees. It is conceded that her address was not listed in the instrument nor was it certified to the recorder. She therefore failed to meet the statutory condition for such notice and would not have been entitled to notice even if she were a mortgagee.

IV.  Plaintiffs argue that Moon will be unjustly enriched if we permit the tax deed to stand, saying "The addition of the unauthorized charges * * *, which costs were entered by the auditor on the auditor's sale book, placed an arbitrary, illegal and unauthorized burden on the plaintiffs to redeem. As a consequence appellee was unjustly enriched, and his retention of the benefit obtained as a direct result of the placement by him of an improper and unconscionable burden on the appellants deserves the close scrutiny of a court of equity."

The difficulty with plaintiffs' position is that there was no showing the benefit was obtained as a direct result of the "improper and unconscionable burden". As pointed out in Division II the costs are important only in relationship to redemption. In the absence of redemption, in which case the taxpayer might be entitled to a return of the unauthorized charges paid, or an attempted redemption which was not completed because of the unauthorized charges, the obtaining of a tax deed is not a direct result of the burden imposed by improper costs. No one suggests any connection between the unauthorized costs and the failure to redeem here.

For the reasons stated, we affirm.—Affirmed.

All Justices concur.