MARY CLARK HUISKAMP, Appellee, v. MARY E. BREEN et al., Appellants.

No. 42752.

APRIL 2, 1935.

REHEARING DENIED JUNE 21, 1935.

Breen & Breen, for appellants.

R. S. Carlton and Ralph B. Smith, for appellee.

PARSONS, J.—October 3, 1931, the plaintiff, appellee herein, commenced this action in the district court of Dickinson county, Iowa, to foreclose a $9,250 mortgage which had been given October 1, 1929, on ten lots in a plat of Okoboji City, Dickinson county, Iowa, by E. J. Breen and Mary E. Breen. At the time of the commencement of the action the note given on the mortgage had been reduced to $3,625, with interest from October 1, 1929, at 6 per cent per annum. E. J. Breen had conveyed a part of the lots to his wife, Mary E. Breen, prior to the bringing of the suit. Breen and his wife had given a mortgage for $5,000 to W. E. Gould, who transferred it to the Savings Bank of Kewanee, Illinois, it being taken by that institution. A portion of the premises covered by the mortgage, to wit: Lots 34, 35, 36, and 39 and the south 20 feet of Lot 23, were sold at tax sale to George F. Arp for the taxes of 1926, the sale being had in De-

cember of 1927. Deed was made under that sale to Arp on February 25, 1931, and the property so deeded at tax sale subsequently was transferred to Le Roy A. Rader and Rita Rader, his wife. On the 16th of November, 1932, a decree of foreclosure in rem was entered in the case against all the lots not included in the tax sale deed, the decree being for $3,625, and in that decree the rights of all the parties, except as to the tax deed, were cut off and declared to be inferior to the rights of the plaintiff under the mortgage, said decree stating that it was rendered without prejudice to the issues in the case between plaintiff and the defendants, the Raders and Arps.

The plaintiff by a second amendment to her petition, on September 15, 1933, making Arp and LeRoy Rader, who had a deed from Arp and Rader and wife, parties, set up that the lots covered by the tax deed never were listed for taxation by the assessor as provided by the laws of Iowa, and set up further that the treasurer did not comply with the provisions of section 7283 in reporting to the county auditor upon the filing of proof of service of notice of taking deed, as provided by the laws of the state of Iowa, and that the county auditor failed and neglected to make an entry thereof upon the sale book, as proof of such service, as required by said section to do, and that by reason thereof the right of redemption from tax sale had never been cut off or terminated.

Mrs. Breen on her part set up that she only signed the mortgage to bar her right of dower, hence was not liable personally on the mortgage note. The district court of Dickinson county rendered a judgment and decree which was entered on the 15th day of January, 1934, foreclosing the mortgage and giving to the mortgage holder the right of redemption from the tax sale to Arp, and further stating in the decree:

"It is further ordered, adjudged and decreed that the plaintiff shall have thirty (30) days from the date of this decree, in which to make full redemption of so much of the real property included in the tax sale of 1927, represented by certificate No. 335 of said sale, as included in her mortgage." Certificate No. 335 was the certificate issued to Arp at the tax sale.

In the trial before the court, the attorneys for the defendants, the Arps and Raders, admitted of record that the mortgagors were holders of the legal title at the time of the tax sale, and the court said:

"I think, gentlemen, the court must hold that this tax deed is void under the rule laid down in the case of Geil v. Babb, 214 Iowa 263, 242 N. W. 34."

What purports to be a copy of the register of sales of real estate in the auditor's office was placed in evidence. It showed, among other things, the following facts: That the property involved in this part of the case was sold for the taxes of 1926 to George F. Arp for $23.56, and that the date of the sale was December 5, 1927; that subsequent taxes were paid by the purchaser on November 30, 1928, $35.83; October 10, 1929, $40.58; April 14, 1930, $19.85; and October 17, 1930, $19.84. Under the heading "By whom redeemed" was written the word "costs". Under the heading "Amount paid" was $8.70; and under the heading "Part redeemed" were the words "treasurer's deed given". From the decree entered in the case, the defendants LeRoy A. Rader and Rita Rader perfected an appeal to this court on the 30th day of April, 1934. So that the appeal in this court raises only the questions involved between the holders of the mortgage and the Raders.

The register of sales introduced in evidence under the head of "amount paid" shows $8.70, but this is in pencil. No date is given on the register. The tax deed was made February 25, 1931. The register also shows the payment of subsequent taxes in April and October, 1930. These would be taxes paid by the tax sale purchaser. Prior to this time Chapter 202 of the 43d General Assembly had been enacted by the legislature. That now appears in section 7276-c1. The act purported to amend section 7276 of the Code, 1927, by adding at the end thereof the following:

"Said entries by the auditor and treasurer shall be made in ink, and in case errors are subsequently discovered such entries shall not be erased but shall be corrected by drawing a line through the erroneous entries with ink accompanied by the initials of the person who made the alteration and the date when made."

Clearly, this act having been enacted in April, 1929, going into effect July 4, 1929, the subsequent purchaser having paid taxes in April and October, 1930, he must have subsequently served his notice for deed. That was after 7276-c1 had been en-

acted by the legislature. It probably was enacted for the reason that in the opinion of the legislature there should be a permanent record in ink of these things. Hence, unless the figures "$8.70" were in ink, it was not a compliance with the statute. It cannot be told from an inspection of the exhibit showing the register of sales of real estate whether or not this entry was made in ink. But in the appellant's brief and argument we find this statement by counsel:

"I admit that I did not look at the Exhibit at the time of the trial, and I assume that the treasurer or the auditor, or both of them, had failed to comply with section 7283 of the Code, and that the costs were not set out as a part of the record in the sale book, and I assume that Judge DeLand arrived at his decision with the same erroneous assumption. For as indicated by the copy of the page from the sales register *the costs had been set out* on the sales book, except that the notation of the costs was *in pencil,* but I assume that it makes no particular difference whether the costs are indicated in pencil or ink."

The legislature must have had some purpose in enacting this statute. Perhaps some members had known of records of that character which had been originally made in pencil, carefully erased, and other and different entries made. So, to protect against the possibility of that, the legislature enacted Chapter 202. This statute seems to be mandatory on its face. Where a statute directs as plainly as this statute that entries be made in ink, a pencil memorandum should not ordinarily be sufficient. So at least in this respect there was not a compliance, in the proceedings leading up to the issuance of the deed, with the wording and letter of the statute. The judge trying the case, in his decree, held that this case came within the reasoning of Geil v. Babb, 214 Iowa 263, 242 N. W. 34, and that it is necessarily jurisdictional that this report be made by the treasurer to the auditor and entered upon the tax list, and gave the reason why it is and should be the rule. The statute requiring that the entry be made in ink is not directory, hence, not being directory, it is mandatory that the record be kept as provided by the statute. In Geil v. Babb, the effect of this case is that these requirements of the statute are jurisdictional in order for the treasurer to issue a deed.

Ashenfelter v. Seiling, 141 Iowa 512, at page 517, 119 N. W. 984, 985, in a case of this character, says:

"The right and authority of the state to seize and sell valuable property for the payment of a relatively small tax, while necessary, is often so oppressive in its results that we are bound to construe the right of redemption with all reasonable liberality, and hold the person who seeks to foreclose it to very substantial compliance with all of the provisions which have been enacted for its protection." In other words, that a literal compliance with the statute is necessary.

The district court heard the evidence, inspected the records introduced, and found for the plaintiff, ordering the foreclosure of the mortgage as against the lots covered by the tax deed, the title to which was held by Rader. It further found that the tax deed was void and of no effect, and it further adjudged and decreed that the plaintiff should have thirty days from the date of the decree in which to make full redemption of so much of the real property included in the tax sale of 1927; and it further ordered that, in the event the plaintiff had not already redeemed from said tax sale, the time of redemption shall be extended to the first day of June, 1935. On the whole, under the authorities, we think the court arrived at the right conclusion, and the decision is hereby affirmed.

ANDERSON, C. J., and ALBERT, DONEGAN, and RICHARDS, JJ., concur.